# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JAY HANNAH,**
**Claimant Below, Petitioner**

**FILED**
December 6, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 19-0034** (BOR Appeal No. 2053330)
(Claim No. 2018014744)

**UNITED PARCEL SERVICE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jay Hannah, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). United Parcel Service, Inc., by Counsel Jeffrey Brannon, filed a timely response.

The issues on appeal are temporary total disability benefits, medical benefits, and additional compensable conditions. The claims administrator closed the claim for temporary total disability benefits on April 19, 2018. On April 26, 2018, the claims administrator denied treatment requests from Marietta Memorial Hospital, Johnson Chiropractic Clinic, and WVU Medicine. The claims administrator held the claim compensable for contusion of the buttocks and denied the addition of right ischial bursitis, sacroilitis, and myofascial pain on May 24, 2018. In two other decisions that same day, the claims administrator also denied a request for physical therapy and closed the claim for temporary total disability benefits. The Office of Judges affirmed the decisions in its August 17, 2018, Order. The Order was affirmed by the Board of Review on December 21, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hannah, a delivery driver, alleges that he injured his buttocks and hip while driving his delivery van. United Parcel Service, Inc., Driver Vehicle Inspection reports from December 4, 2017, and December 8, 2017, indicate Mr. Hannah twice reported that his seat needed replaced

1

because it had no cushion left. In a series of text messages dated December 12, 2017, Mr. Hannah wrote to an unnamed person that the seat in his truck was worn out and that he was hitting metal. He stated that his buttocks were sore all day when he drove the truck and that he had driven the truck for two weeks. The unidentified respondent stated that they spoke to Dave Williams, who was contacting the mechanic's supervisor to have the mechanic look at the seat that evening. In undated text messages, an unidentified person stated that he had shown the pictures to an automotive manager who stated that the seat looked normal. The seat was going to be reviewed again by the mechanic, but there was no guarantee it would be replaced.

Mr. Hannah sought treatment on December 14, 2017, and was seen by William Dalton, M.D., at MedExpress. The treatment note indicates Mr. Hannah reported joint pain and a right thigh injury that had been present for a week and a half. He stated that he had no cushion and was sitting on a metal seat for over a week. The diagnosis was bursitis of the right hip, and Mr. Hannah was placed on modified duty. An Employees' and Physicians' Report of Injury was completed that day and it was indicated that Mr. Hannah was on modified duty until December 22, 2017. Mr. Hannah was treated by Bria Hull, FNP, BC, four days later, and she diagnosed lumbago with sciatica. Mr. Hannah's symptoms were believed to be due to sciatica on the right. He was given exercises and told to rest. The claims administrator rejected the claim on December 28, 2017.

Prasadarao Mukkamala, M.D., performed a record review on February 27, 2018, in which he opined that there was no credible, objective medical evidence that Mr. Hannah sustained an injury on or around December 13, 2017. Dr. Mukkamala further opined that the diagnosis by Dr. Dalton was unsupported. He stated that Mr. Hannah reported nonspecific complaints of pain and that there was no credible evidence he sustained an injury.

David Soulsby, M.D., performed a record review on February 27, 2018, in which he opined that ischial tuberitis is not a known diagnosis. He stated that ischial bursitis is caused by excessive or inappropriate physical exercise or prolonged sitting. The condition is rare and causes pain in the buttock and usually a soft tissue mass. Dr. Soulsby opined that there was no justification for a diagnosis of sciatica in this case. He also opined that Mr. Hannah did not suffer from ischial bursitis since there was no soft tissue mass present in the buttocks. He stated that at most, Mr. Hannah could have suffered tenderness or a contusion to the buttocks. However, he opined that the condition would not require medical intervention. Dr. Soulsby concluded that the medical records failed to support an injury related to Mr. Hannah's work that would be severe enough to warrant medical attention.

Mr. Hannah testified in a hearing before the Office of Judges on March 9, 2018, that he had no preexisting problems with either his buttocks or low back. He stated that his seat was not replaced until December 13, 2017, after he was no longer able to work due to his injury. He asserted that the new seat is twice the size of the old one. Mr. Hannah testified that he reported that he needed a new seat twice and then told human resources about the problem. He stated that when he was driving, his buttocks would hit the bottom of the seat, which caused pain in his buttocks and sciatic nerve.

In an April 2, 2018, Office of Judges decision, the claim was held compensable for contusion of the buttocks. The Order was affirmed by the Board of Review and modified to reflect the compensable diagnosis as bursitis of the right hip. On April 19, 2018, the claims administrator closed the claim for temporary total disability benefits. The claims administrator denied treatment requests from Marietta Memorial Hospital, Johnson Chiropractic Clinic, and WVU Medicine on April 26, 2018.

In a May 8, 2017, treatment note, Patrick Huck, PA-C, indicated Mr. Hannah received an injection in his hip two weeks prior for sacroilitis. Mr. Hannah reported that his truck seat had been replaced but it made little difference in his pain. Mr. Huck diagnosed right buttock pain, right ischial bursitis, sacroilitis, and myofascial muscle pain. Mr. Hannah was not allowed to work as a driver until his pain improved. Mr. Huck opined that the right ischial bursitis and right sacroiliac inflammation were the result of Mr. Hannah's work duties.

In a May 15, 2018, diagnosis update, Ms. Hull requested that right buttocks pain, ischial bursitis, sacroilitis, and myofascial pain be added to the claim. The claims administrator held the claim compensable for contusion of the buttocks and denied the addition of right ischial bursitis, sacroilitis, and myofascial pain on May 24, 2018. In two separate Orders that same day, the claims administrator also denied a request for physical therapy and closed the claim for temporary total disability benefits.

David Redmon stated in a July 13, 2018, affidavit that he is the Center Manager for United Postal Service Parkersburg and personally investigated Mr. Hannah's truck seat. Mr. Redmon concluded that the seat had sufficient padding. He also stated that Mr. Hannah did not report an injury. He worked until January of 2018 and then worked a few days in March. Mr. Redmon stated that when Mr. Hannah was off of work he saw him driving his personal vehicle and playing golf on numerous occasions.

Dr. Soulsby performed a record review on July 13, 2018, in which he diagnosed right-sided lower back pain, sacroilitis, and buttock contusion. He opined that there was no credible evidence that an injury occurred on or around December 13, 2017. Dr. Soulsby stated that it was possible that if a person drove a truck for several weeks on an unpadded seat, he would develop a buttock contusion. However, such circumstances would cause no more than a bruise, which would resolve in a few weeks. Dr. Soulsby found no documentation of an actual buttock contusion in the record. Dr. Soulsby stated that most reports indicate a diagnosis of sacroiliac joint pain. Since a sacroiliac joint injection gave 80% relief, it was persuasive evidence that sacroilitis is the correct diagnosis for Mr. Hannah's symptoms. Dr. Soulsby therefore concluded that Mr. Hannah had no buttock injury and is instead experiencing lower back and sacroilitis pain. Dr. Soulsby found that Mr. Hannah developed lower back pain and sacroilitis unrelated to his work. He stated that sacroilitis is commonly associated with arthritis. He determined that chiropractic treatment, physical therapy, and injections are not necessary treatment for the compensable condition of buttock contusion.

In a July 16, 2018, affidavit, Charles Kuhl stated that he performed surveillance of Mr. Hannah on July 12, 2018. He observed Mr. Hannah driving a truck and walking rapidly with no

visible signs of pain. Mr. Kuhl stated that Mr. Hannah drove eighty-three miles, without stopping, to a casino and walked quickly inside with no signs of pain after exiting the vehicle.

In a July 16, 2018, supplemental report, Dr. Mukkamala noted that Mr. Hannah did not appear for his scheduled evaluation on July 12, 2018. Dr. Mukkamala opined that it was highly questionable that Mr. Hannah sustained an injury on or around December 13, 2017. He stated that if Mr. Hannah did sustain an injury, buttock contusion would be an appropriate diagnosis. Dr. Mukkamala found no evidence that he developed ischial bursitis, sacroilitis, or myofascial pain as a result of his compensable injury. He also found that the December 14, 2017, MedExpress findings failed to support a diagnosis of sacroilitis. Dr. Mukkamala opined that a buttock contusion should resolve in one to two weeks. By the time Mr. Hannah started missing work in January of 2018, his compensable injury would have been healed. Dr. Mukkamala concluded that Mr. Hannah required no further treatment, was not temporarily and totally disabled, and could return to full duty work.

In a July 17, 2018, hearing before the Office of Judges, Mr. Hannah testified that the seat in his work truck had no padding. He stated that he purchased rental property on December 7, 2017, and rents apartments via his own company. Mr. Hannah admitted that he fixed a few things in his rental properties such as sinks and toilets and also golfed while he was off of work. Mr. Hannah stated that he worked modified duty until December 28, 2017. He then returned to work after his sacroiliac injection and worked for two to three weeks. He was then placed on modified duty by his physician but his employer refused modified duty as the claim was not compensable at that time. Mr. Hannah stated that he missed an independent medical evaluation with Dr. Mukkamala because he was notified two days prior and already had plans for that day. Mr. Hannah then testified that between December 14, 2017, and December 29, 2017, he was on modified duty for more than three days and did not work a full eight hours those days. Therefore, he did not receive his full salary.

In its August 17, 2018, Order, the Office of Judges affirmed the claims administrator's decisions holding the claim compensable for contusion of the buttocks and denying the addition of right ischial bursitis, sacroilitis, and myofascial pain; closing the claim for temporary total disability benefits; denying a request for physical therapy; and denying treatment requests from Marietta Memorial Hospital, Johnson Chiropractic Clinic, and WVU Medicine. Regarding the compensability of the additional conditions, the Office of Judges found that the Board of Review previously held the claim compensable for bursitis of the right hip and denied the addition of lumbago with sciatica. The Office of Judges found that ischial bursitis and bursitis of the right hip are the same diagnosis and have the same diagnosis code. Therefore, the claim is already compensable for that condition. Regarding sacroilitis and myofascial pain, the Office of Judges determined that the diagnoses did not appear in the record until May of 2018. Dr. Soulsby's record review was found to be persuasive on this matter. Dr. Soulsby opined that while Mr. Hannah probably suffers from sacroilitis, it is not related to his work duties. He stated that medical literature shows the condition is most often linked to arthritis. Further, a review of the available literature failed to show that sitting on a hard surface can cause or aggravate sacroilitis.

4

The Office of Judges found that Mr. Hannah received inadequate notice of the appointment he missed with Dr. Mukkamala. However, since he did not present for the evaluation, Dr. Mukkamala performed a record review, which the Office of Judges found to be reliable. Dr. Mukkamala concluded that there was no credible evidence of record that Mr. Hannah developed sacroilitis or myofascial pain as a result of his work injury. The reports of Mr. Huck and Ms. Hull were found to be inadequate to overcome the analyses provided by Drs. Soulsby and Mukkamala. The Office of Judges also found that myofascial pain should not be added to the claim. Myofascial pain is a pain disorder and pain is generally considered to be a symptom rather than a diagnosis.

Regarding temporary total disability benefits, the Office of Judges concluded that Mr. Hannah returned to work on modified duty following his compensable injury. He worked from December 14, 2017, until December 28, 2017, the date his claim was initially denied and his employer refused to let him work modified duty. Mr. Hannah was off of work until March 21, 2018, worked the 22nd, 23rd, 26th, and 27th, and then ceased to return. The Office of Judges concluded that he returned to work after his initial injury and did not miss more than three consecutive days. However, the Office of Judges noted that the claims administrator should reconsider temporary total disability since the Board of Review held the claim compensable for ischial bursitis/right hip bursitis. The Office of Judges found that Mr. Hannah did eventually cease working, but that the temporary total disability benefits would not be proper at this time since the Orders at bar were issued prior to the Board of Review's Order adding bursitis to the claim.

As to the requested medical benefits, the Office of Judges concluded that the requests were properly denied. The requests for physical therapy do not contain the conditions for which the therapy was ordered. Further, Mr. Hannah failed to show that the treatment was necessary and reasonable to treat a compensable condition. The Office of Judges found that the treatment requests from Marietta Memorial Hospital failed to indicate what treatments were provided on those dates. They also failed to indicate that the treatments were necessary or reasonable to treat a compensable condition. The Office of Judges concluded that the treatment requests from Johnson Chiropractic also failed to indicate a basis for the treatment. Lastly, the Office of Judges held that the treatment request from WVU Medicine fail to indicate what treatments were given or whether they were necessary for a compensable condition. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 21, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Hannah failed to prove by a preponderance of the evidence that he developed sacroilitis or myofascial pain as a result of his compensable injury. He also failed to show that he was entitled to temporary total disability benefits at the time the claims administrator's decisions were made. Lastly, the evidence indicates that the requested medical treatment is not necessary or reasonably required treatment for a compensable condition in the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

5

Affirmed.

**ISSUED: December 6, 2019**


**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison